### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Chief Judge Daniel D. Domenico

Civil Action No. 1:26-cv-00851-DDD

BROOK YITBARK KEBEDE,

      Petitioner,

v.

JUAN BALTAZAR, Warden;
TODD LYONS, Director of Immigration and Customs Enforcement;
ROBERT HAGAN, Area Field Office Director of Immigration and
    Customs Enforcement; and
TODD BLANCHE, Acting Attorney General,

      Respondents.

---

### ORDER GRANTING IN PART EMERGENCY MOTION
### FOR TEMPORARY RESTRAINING ORDER
### AND PRELIMINARY INJUNCTION

---

The petitioner moves for a temporary restraining order and preliminary injunction to enjoin the respondents from removing him to Cameroon before giving him a credible-fear interview. Doc. 19. For the following reasons, the motion is granted in part as to the request for a TRO and taken under advisement as to the request for a preliminary injunction. The respondents are temporarily restrained from removing the petitioner from the United States if he has not been removed already.

### BACKGROUND

The petitioner is a native and citizen of Ethiopia. Doc. 17-1 at 3. On January 13, 2026, an Immigration Judge ordered the petitioner removed to Ethiopia or in the alternative to the United Kingdom and granted withholding of removal to Ethiopia. *Id.* at 4. The order of removal became final on February 12. *Id.* The petitioner is currently

- 1 -

detained pursuant to 8 U.S.C. § 1231. *Id.* at 5. On March 2, 2026, the petitioner filed a pro se petition for a writ of habeas corpus, challenging his detention. Doc. 1. The respondents have filed a response, Doc. 17, and the petitioner's reply brief is due on June 12, *see* Doc. 6.

At some point in the last several days, the petitioner was transferred from the Aurora, Colorado ICE detention center to a detention center in Arizona, in preparation for removal to Cameroon. Doc. 19-1 at 1. The petitioner was told that his removal to Cameroon would occur on Sunday, May 24. *Id.* The petitioner fears persecution if he is removed to Cameroon "because he expects to be persecuted, tortured, and possibly killed by Boko Haram and/or ISIS-West Africa, or their agents, based on his religion (Orthodox Christian), his ethnicity (Amharan), and his political beliefs and conduct (advocating for the rights of Orthodox Christians and Amharan Ethiopians)." Doc. 19 at 2. On Friday, May 22 at 5:24 p.m., counsel entered an appearance for the petitioner. Doc. 18. On Saturday, May 23 at 6:08 p.m., the petitioner's new counsel filed the instant motion seeking to enjoin the petitioner's removal to Cameroon before giving him a credible-fear interview. Doc. 19. The petitioner's counsel states that he emailed ICE on Friday to request a credible-fear interview but has not yet received a response. Doc. 19-1 at 1.

## LEGAL STANDARD

A party seeking a temporary restraining order must show: (1) that it is substantially likely to succeed on the merits; (2) that it will suffer irreparable injury if the court denies the requested relief; (3) that its threatened injury without the restraining order outweighs the opposing party's under it; and (4) that the requested relief is not adverse to the public interest. *Mrs. Fields Franchising, LLC v. MFGPC*, 941 F.3d 1221, 1232 (10th Cir. 2019); *accord Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Nellson v. Barnhart*, 454 F. Supp. 3d 1087,

1091 (D. Colo. 2020) (standard for TRO is same as that for preliminary injunction (citing *Wiechmann v. Ritter*, 44 F. App'x 346, 347 (10th Cir. 2002))).

A court may issue a temporary restraining order without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

## DISCUSSION

The petitioner has satisfied the procedural requirements of Rule 65(b)(1) and has made a sufficient showing to support the issuance of a temporary restraining order enjoining his removal from the United States before first providing a credible-fear interview. If the petitioner is likely to be persecuted in Cameroon, removal could result in irreparable harm to him. *See Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993))). Removing the petitioner from the United States could also deprive this Court of jurisdiction. *See A.A.R.P. v. Trump*, 605 U.S. 91, 94-98 (2025) (court may issue temporary injunctive relief to preserve jurisdiction over habeas proceedings (citing 28 U.S.C. § 1651(a))). The threatened harm to the petitioner outweighs any minimal harm to the respondents that may result from a delay in his removal. And a temporary restraining order will not be adverse to the public interest.

Pursuant to Rule 65(c), a court may issue a temporary restraining order "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." A court has wide discretion in determining whether to require security. *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1206 (10th Cir. 2003); *Brumfiel v. U.S. Bank*, No. 12-cv-02716-WJM, 2013 WL 1874186, at *7 (D. Colo. May 6, 2013). I find it appropriate to waive the security requirement in this case.

## CONCLUSION

It is **ORDERED** that:

The petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, **Doc. 19**, is **GRANTED IN PART** as to the request for a temporary restraining order, and **TAKEN UNDER ADVISEMENT** as to the request for a preliminary injunction;

The respondents and their officers, agents, servants, employees, attorneys, and any other persons who are in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are **TEMPORARILY RESTRAINED** from removing the petitioner from the United States if he has not been removed already;

The petitioner must promptly provide the respondents' counsel with notice of this Order;

The respondents must file a response to the petitioner's motion, Doc. 19, on or before May 27, 2026, in which they must **SHOW CAUSE** why the Court should not enter a preliminary injunction extending the temporary relief set forth in this Order until final adjudication of this case on the merits. I will determine whether to set a preliminary-injunction hearing after reviewing the response. The petitioner may file a reply on or before May 29, 2026;

Pursuant to Federal Rule of Civil Procedure 65(b)(2), this temporary restraining order will expire fourteen days after entry, unless the Court extends it for good cause before that time, the defendant consents to an extension, or the Court grants a motion to dissolve or modify it pursuant to Federal Rule of Civil Procedure 65(b)(4).

DATED: May 25, 2026        BY THE COURT:
at 9:34 p.m.

Daniel D. Domenico
Chief United States District Judge